194 So. 860

## REED v. STATE.

### 8 Div. 987.

Court of Appeals of Alabama.

Feb. 27, 1940.

H. T. Foster, of Scottsboro, for appellant.

Thos. S. Lawson, Atty. Gen., and Wm. H. Loeb, Asst. Atty. Gen., for the State.

BRICKEN, Presiding Judge.

The prosecution in this case originated upon a complaint of one M. C. Thomas,

sworn to and subscribed by him, before a justice of the peace in Jackson County. The offense charged was the violation of the State prohibition law, in that, he, the defendant, did have in his possession or under his control spirituous, vinous or malt liquor, contrary to law.

The warrant was made returnable to the county court, and in said court he was tried and convicted as charged in the complaint and affidavit, by the court sitting without a jury. The fine was assessed at $500 and costs of proceedings, and as a further punishment the court sentenced the defendant to hard labor for the county of six months additional. From the judgment of conviction in the county court, an appeal was taken to the circuit court, and the judgment entry in the circuit court recites that he was there tried upon the complaint by the court without the intervention of a jury. Said trial was had on the 17th day of March 1939, and resulted in the conviction of defendant, judgment of conviction was accordingly pronounced and entered on said date, from which this appeal was taken.

The appeal is submitted upon motion and merits. The motion being to strike defendant's bill of exceptions for and on account of non-compliance with section 6433, which provides bills of exception may be presented to the judge or clerk at any time within ninety days from the day on which the judgment is entered and not afterwards. The foregoing provision applies to the main trial and also to granting or refusing a motion for a new trial.

Upon investigation we find, as hereinabove stated, that the trial was had on the 17th day of March 1939, and judgment entered on that date. A motion for new trial was refused by the court as shown by the record on March 27, 1939, and the endorsement appears that the bill of exceptions was filed with the clerk of the court on 16th day of June 1939, and the further endorsement of the trial judge is as follows: "This bill of exceptions presented to and approved by me this 25th day of November 1939." A. E. Hawkins, Judge.

From the foregoing, it affirmatively appears that the motion of the Attorney General is well taken and the bill of exceptions must be, and is hereby stricken.

The only question for our consideration, therefore, is the regularity of the proceedings in the lower court as shown by the record proper. No error is apparent thereon. The judgment of conviction from which this appeal was taken is affirmed.

Affirmed.